UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br>       v.<br><br>GAIL MANNEY,<br><br>                              Defendant. | Case No. 3:21-cr-00019-HDM-CSD<br><br>ORDER |

Defendant Gail Manney was convicted by a jury on December 1, 2022, after a multi-day trial, and she is currently pursuing an appeal of her conviction. (ECF No. 132 at 1.) Before the Court[1] is Manney's unopposed motion requesting the Court file juror information under seal and provide a copy to the parties. (*Id.*) As further explained below, and because the motion is unopposed, the Court will grant the motion.

Manney explains in her motion that she is investigating an appellate claim under *Batson v. Kentucky*, 476 U.S. 79 (1986). (*Id.* at 2.) She argues that she must conduct comparative juror review of the 32 prospective jurors qualified for cause in order to evaluate the feasibility of such a claim, and for this reason requests redacted copies of

---

[1] This Motion came to the Court in its capacity as Chief Judge under Section 5.02 of the Amended Jury Plan for the District of Nevada. That section provides:

> The contents of records and papers used in the Jury Selection Process will not be disclosed, except upon written order of the court. Applications for disclosure of records related to the Jury Selection Process must be made by motion to the Chief Judge and must set forth why disclosure should be allowed.

Amended Jury Plan for the District of Nevada at 15, Section 5.02 (Adopted Jan. 25, 2017 and reapproved by the Ninth Circuit Judicial Council on Nov. 1, 2022), https://www.nvd.uscourts.gov/wp-content/uploads/2020/07/9th-Amended-Jury-Plan-Nevada-1-25-2017.pdf. Section 1.03 defines "Jury Selection Process" to include "all activities associated with the master and qualified jury wheels relating to the random selection, qualification, summoning, and service of grand and petit jurors." (*Id.* at Section 1.03.) Manney accordingly directed her Motion at the Chief Judge, not United States District Judge Howard D. McKibben, who presides over this case.

these prospective jurors' juror qualification questionnaires and juror information cards. (*Id.*)

The Court is persuaded by Manney's argument that the juror information her counsel seeks is considered part of the district court's record, and thus properly part of the record she must submit as part of her appeal. (*Id.* at 3.) *See also Charles v. Felker*, 473 F. App'x 541, 543-44 (9th Cir. 2012) (taking judicial notice of and reviewing similar materials as part of a *de novo* comparative juror analysis as to the appellant's *Batson* challenge). The Court will thus grant Manney's motion.

As to form and contents, the Court has attached as a sealed exhibit to this order copies of the Information Sheets and Juror Qualification Questionnaires for the 32 prospective jurors qualified for cause in this case with most all personal identifying information redacted.

It is therefore ordered that Manney's motion requesting the Court file juror information under seal and provide a copy to the parties (ECF No. 132) is granted as specified herein.

DATED THIS 25th Day of May 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE